UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRISELDA AGUILAR-MAGANA,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. 1:09-CR-272 AWI<br>(1:13-CV-2086 AWI)<br><br>ORDER ON PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE<br><br>(Crim. Doc. Nos. 320, 322) |

Petitioner Griselda Aguilar-Magana challenges her sentence through this petition to set aside, vacate, or correct under 28 U.S.C. § 2255.

On October 29, 2012, Petitioner entered into a plea agreement in which she agreed to plead guilty to two violations of 21 U.S.C. § 843(b), use of a communication facility in the commission of a drug trafficking offense. See Doc. Nos. 299, 301. As part of the plea agreement, Petitioner agreed not to challenge her conviction or sentence through a direct appeal or through post-conviction proceedings such as a 28 U.S.C. § 2255 petition. See id. at ¶ 2(f). Petitioner also agreed to request a sentence of not less than 96 months in prison. See id. at ¶ 2(c). Petitioner pled guilty and the Court accepted the plea on October 29, 2012. See Doc. No. 302.

On January 7, 2013, Petitioner was sentenced to two consecutive terms of 48 months imprisonment, for a total of 96 months. See Doc. No. 305. Judgment and commitment were entered on January 10, 2013. See Doc. No. 306. Petitioner filed no appeal.

On December 23, 2013, Petitioner filed this § 2255 petition. See Doc. No. 320. On January 15, 2013, Petitioner filed a memorandum in support of her § 2255 petition.[1] See Doc. No. 322. In her January 15 memorandum, Petitioner argues that both counts of 21 U.S.C. § 843(b) were based on an identical date of offense (2/29/08 – 3/20/09), she received 4 years in state prison for the same charge, there is a double jeopardy problem, and the Court should modify her sentence by striking the concurrent portion of the sentence. See Doc. No. 322.

*Legal Standard*

28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996); United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989). Mere conclusory statements or statements that are inherently incredible in a § 2255 motion are insufficient to require a hearing. United States v. Howard, 381 F.3d 873, 877, 879 (9th Cir. 2004); United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980). While a petitioner is not required to allege facts in detail, he "must make factual allegations." Hearst, 638 F.2d at 1194. Accordingly, an evidentiary hearing is required if: (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief. Howard, 381 F.3d at 877.

---

[1] The December 23 petition raises no grounds for relief, but states that the grounds for relief will be forthcoming. See Doc. No. 320. Because the January 15 filing was filed within one year of the judgment becoming final, see 28 U.S.C. § 2255(f); Fed. R. App. P. 4(b)(1)(A); United States v. Plascencia, 537 F.3d 385, 388 (5th Cir. 2008); United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001), the Court at this point will consider the December 23 and the January 15 filings as one document.

*Discussion*

After considering Petitioner's petition, the Court concludes that relief is not warranted. Petitioner signed a plea agreement in which she expressly agreed that she would not challenge her sentence through a § 2255 petition, and agreed that she would not seek a sentence of less than 96 months in prison. See Doc. No. 301 at ¶¶ 2(c), (f). Plea agreements will be enforced as long as they are unambiguous and voluntarily made. See United States v. Jeronimo, 398 F.3d 1149, 1153-54 (9th Cir. 2005); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992). Petitioner does not address the plea agreement or argue that the agreement was involuntary. The language of the plea agreement is clear. See Doc. No. 299, 301. There is nothing that suggests that the plea agreement is unenforceable. Additionally, there is no indication that Petitioner appealed her sentence and a "petitioner may not collaterally attack a sentence under § 2255 if [she] did not challenge it at sentencing or on a direct appeal." Johnson v. United States, 362 F.3d 636, 638 (9th Cir. 2004). There is no indication that Petitioner challenged her sentence either at the January 7, 2013, sentencing or through a direct appeal to the Ninth Circuit. Given these considerations, the Court will decline to hold an evidentiary hearing and will deny Petitioner's petition.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner's 28 U.S.C. § 2255 petition (Crim. Doc. Nos. 320, 322) is DENIED and the Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated:   April 25, 2014                          _____
                                                                SENIOR DISTRICT JUDGE